Jerry O. and Rose DUEITT, Appellants,

v.

ARROWHEAD LAKES PROPERTY OWNERS, INC., et al.,
Appellees.

No. 10–04–00274–CV.

Court of Appeals of Texas,
Waco.

Oct. 26, 2005.

Rehearing Overruled Nov. 22, 2005.

Don Stocking, Stocking & Associates, Conroe, for appellants.

Larry L. Foerster, Darden, Fowler & Creighton, Bryan P. Fowler, The Fowler Law Firm, Conroe, Carrie E. Campbell, Mounger & Campbell, Wimberly, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Jerry O. Dueitt and Rose Dueitt appeal from the trial court's dismissal of their case for want of prosecution. Because we find that the trial court did not abuse its discretion in dismissing the Dueitts' cause, and because we find that any error in failing to hold a hearing on the Dueitts' motion to reinstate was harmless, we affirm.

### Factual and Procedural Background

The Dueitts own two lots in the Arrowhead Lakes division of Montgomery County. The property was subject to deed restrictions that levied a fee for maintenance purposes. After a dispute arose about the amount of the maintenance levy, Arrowhead Lakes Property Owners, Inc. filed a lien affidavit against the Dueitts' property. Because their title was encumbered, the Dueitts could not sell their property. In 1990, the Dueitts filed suit against Arrowhead and some of its then current and former directors (Appellees[1]) seeking declaratory relief and damages for slander of title, common law fraud, deceptive trade practices, and violations of the state and federal fair debt collection practices act.

After pending for over thirteen years on the trial court's docket, Appellees filed a motion for dismissal of the case for want of prosecution. On May 27, 2004, the trial court held a hearing on the Appellees' motion and subsequently dismissed the case without prejudice. The Dueitts filed a motion to reinstate and requested a hearing on the motion. The trial court denied the motion without a hearing.

On appeal, the Dueitts argue in seven issues that the trial court erred because it (1–2) failed to give notice of its intention to dismiss their case for want of prosecution; (3–4) did not inform the Dueitts of the authority under which the trial court intended to dismiss; (5) abused its discretion by dismissing their cause for lack of due diligence in prosecuting their case; (6) abused its discretion by taxing all costs against the Dueitts; and (7) abused its discretion by failing to hold a hearing on the Dueitts' motion to reinstate.

### Analysis

*The Dueitts Received Adequate Notice*

The Dueitts argue in issues one through four that they had no adequate notice of

---

1. Appellees include Arrowhead Lakes Property Owners, Inc., Harry E. Curry, Cheryl Snoe, Christen K. Arnold as Executrix of the Estate of Carolyn Williams, Rose Coker, Shirley Ann Spain Gaylord as Heir of Alta Partin, Marshall Harold Beleau as Executrix of the Estate of Harold Beleau, Virgil Gorden, Roy Rutherford, Olaf Lovett, and Jeannine Fastow as Executrix of the Estate of Theodore Edward Spornhauer.

the trial court's intention to dismiss their case for want of prosecution.

■ A trial court's power to dismiss a suit for want of prosecution originates from two sources: (1) Texas Rule of Civil Procedure 165a and (2) the trial court's inherent authority. Tex.R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999); *Steward v. Colonial Cas. Ins. Co.*, 143 S.W.3d 161, 163–64 (Tex.App.-Waco 2004, no pet.); *Binner v. Limestone County*, 129 S.W.3d 710, 712 (Tex.App.-Waco 2004, pet. denied). A trial court may dismiss a suit under Rule 165a when (1) a party fails to appear for a trial or hearing or (2) when a suit is not disposed of within the time standards given by the Supreme Court. Tex.R. Civ. P. 165a(1), (2); *Steward*, 143 S.W.3d at 163–64. Independent of the rules of civil procedure, a trial court may also dismiss a suit under the inherent authority given to it by common law. *Villarreal*, 994 S.W.2d at 630; *Steward*, 143 S.W.3d at 163–64. The Dueitts did not request findings of fact or conclusions of law, and the trial court did not specify the standard of dismissal used. Therefore, we must affirm on the basis of any legal theory supported by the record. *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990)).

■ We review a dismissal for want of prosecution under an abuse-of-discretion standard. *State v. Rotello*, 671 S.W.2d 507, 509 (Tex.1984); *In re Marriage of Seals*, 83 S.W.3d 870, 873 (Tex.App.-Texarkana 2002, no pet.). A trial court abuses its discretion when it acts "without reference to any guiding rules or principles," or, stated another way, when the trial court acts in an arbitrary and unreasonable manner. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750,

757 (Tex.2003) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985)).

■ A party must be provided with notice and an opportunity to be heard before a trial court may dismiss a case for want of prosecution under either Rule 165a or its inherent power. *See* Tex.R. Civ. P. 165a(1) ("Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney."); *Villarreal*, 994 S.W.2d at 630; *Smith v. McKee*, 145 S.W.3d 299, 302 (Tex.App.-Fort Worth 2004, no pet.). The requirements of notice and a hearing are necessary to ensure the dismissed claimant has received due process. *Smith*, 145 S.W.3d at 302; *Tex. Sting Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648 (Tex.App.-San Antonio 2002, pet. denied); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.-Dallas 2001, pet. denied). The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal. *Villarreal*, 994 S.W.2d at 630–31; *Smith*, 145 S.W.3d at 302. However, participation in a hearing on a motion to reinstate cures any due process concerns for the failure to provide notice of intent to dismiss. *Manning v. North*, 82 S.W.3d 706, 715 (Tex.App.-Amarillo 2002, no pet.); *Tex. Sting, Ltd.*, 82 S.W.3d at 648–49.

The Dueitts argue that they received no adequate notice of the trial court's intent to dismiss their case because the notice was promulgated by Appellees and not the trial court itself. They argue that Appellees' motion to dismiss was only sufficient to inform the Dueitts of the Appellees intentions, and gave no indication of the trial court's intentions. They argue that Appellees cannot give notice of the trial

court's intentions, but that the trial court must give notice of its own intentions.

■ However, dismissal for want of prosecution may be obtained by motion of the trial court or on motion of any party to the suit. *Sierra Club v. Tex. Comm'n. on Envtl. Quality,* —— S.W.3d ——, ——, No. 03–04–00108–CV, 2005 WL 121869, at *2, 2005 Tex.App. LEXIS 454, *5 (Tex.App.-Austin, Jan. 21, 2005) (not designated for publication) ("Contrary to appellants' arguments, the rule 165a reinstatement procedure applies to all dismissals for want of prosecution, regardless of whether they are initiated by the court or motion of a party."); *Polk v. Southwest Crossing Homeowners Ass'n,* 165 S.W.3d 89, 92–93 (Tex.App.-Houston [14th Dist.] 2005, pet. filed) (trial court granted Appellees' motion to dismiss for want of prosecution); *Harvey v. Wetzel,* No. 03–03–00608–CV, 2004 WL 1685879, at *3, 2004 Tex.App. LEXIS 6818, *12 (Tex.App.-Austin, July 29, 2004, no pet.) (not designated for publication) (affirming the trial court's granting of Appellee's motion to dismiss for want of prosecution); *Wright v. Tex. Dept. of Crim. Justice–Institutional Div.,* 137 S.W.3d 693, 694 (Tex. App.-Houston [1st Dist.] 2004, no pet. h.) (Appellee filed a motion to dismiss for want of prosecution); *Manning,* 82 S.W.3d at 712 (Appellee filed a motion to dismiss for want of prosecution).

■ The Dueitts also argue that Appellees' motion and the trial court's notice were inadequate because it did not inform them of the trial court's intention to dismiss or of the authority under which the case might be dismissed.

Appellees filed their motion to dismiss on April 14, 2004. The Dueitts filed a response to Appellees' motion on April 21. The trial court's notice of a hearing was filed on May 14. The notice informed the Dueitts that a hearing would be held on Appellees' motion to dismiss and gave the time and place for the hearing. The Dueitts argue that the trial court's reference to Appellees' motion in its notice was not sufficient to inform them of the trial court's intent to dismiss the Dueitts because Appellees' motion requests that Appellees, not the Dueitts, be dismissed with prejudice. In the introductory statement of Appellees' motion, it states that Appellees "move[ ] this Court for an order dismissing [Appellees] with prejudice." However in body of the motion, Appellees argue that the Dueitts' case should be dismissed because the Dueitts failed to prosecute their case with due diligence and reminds the trial court that the action has been pending on the docket for over thirteen years with no affirmative action on the case since February 2001. Appellees also state in the motion that this time period is outside the time standards promulgated by the Texas Supreme Court and asks the trial court to "order the dismissal of Plaintiffs' action with prejudice." Further, in their response to Appellees' motion, filed before the trial court's notice was sent, the Dueitts argue that their cause should not be dismissed under the trial court's inherent power because they have not been delinquent in prosecuting their case.

■ All that due process requires is that a party be given notice of the time and substance of the hearing, and an opportunity to present arguments at the hearing. *Smith,* 145 S.W.3d at 302; *Tex. Sting,* 82 S.W.3d at 648. The notice referencing Appellees' motion to dismiss was sufficient to inform the Dueitts of the time and the substance of the hearing, namely that the hearing would concern the potential dismissal of their cause for want of prosecution. The hearing was held, and the Dueitts presented their arguments to the trial court which the court ultimately

rejected. As for the absence of reference in the motion to the authority the trial court would use to dismiss the cause, we have held that "a dismissal notice containing no reference to Rule 165a or the court's inherent authority [is] sufficient to put the appellant on notice that the court could dismiss under Rule 165a(1), Rule 165a(2), or its inherent authority." *Steward*, 143 S.W.3d at 164 (citing *Binner*, 129 S.W.3d at 712). The Dueitts were given adequate notice that their cause could be dismissed by the trial court for want of prosecution and participated in the hearing, thus receiving due process. Accordingly, we overrule the Dueitts' issues one through four.

*No Abuse of Discretion in Dismissing the Dueitts' Case*

▆▆▆▆ The Dueitts argue in their fifth issue that the trial court abused its discretion in determining that they did not prosecute their case with due diligence.

▆▆▆▆ In determining under its inherent authority whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case; including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *Scoville v. Shaffer*, 9 S.W.3d 201, 204 (Tex. App.-San Antonio 1999, no pet.); *King v. Holland*, 884 S.W.2d 231, 237 (Tex.App.-Corpus Christi 1994, writ denied). No single factor is dispositive, and a belated trial setting or stated readiness to proceed to trial does not conclusively establish diligence. *Ozuna v. Southwest Bio–Clinical Laboratories*, 766 S.W.2d 900, 902 (Tex. App.-San Antonio 1989, writ denied).

The Dueitts argue that we should perceive this case as composed of two phases. The first phase begins at the filing of the suit in 1990 and ends at the denial of the Dueitts' partial summary judgment in 1998. The Dueitts argue that in this phase it is clear that the trial court did not believe that they failed to use due diligence, or it would have taken action to dismiss the case in 1998. Therefore, the Dueitts argue that Appellees are wrong to include this eight-year span to support its argument that the Dueitts have not exercised due diligence for thirteen years. In the second phase, the Dueitts argue that a delay in setting a trial date was unavoidable due to the sequential deaths of four of the Appellees, and that the Dueitts exercised due diligence in this phase by serving the representatives of the deceased Appellees' estates.

Indeed the Dueitts are correct that in this second phase the record reflects activity from the Dueitts regarding the deaths of the four Appellees and the filing of scire faciases. The Dueitts cite *Brown v. Prairie View A & M Univ.* in support of their argument that they exercised reasonable diligence in the second phase by serving the respective representatives of the estates. 630 S.W.2d 405, 412–13 (Tex.App.-Houston [14th Dist.] 1982, writ ref'd n.r.e.). In *Brown*, the Fourteenth Court of Appeals reversed the trial court's dismissal for want of prosecution for a twenty-eight month delay in making the representative of the deceased a party because the record showed due diligence. *Id.* However in *Brown*, the case was set for trial when the death occurred, and during the twenty-eight month delay the court noted that the plaintiff had not let the case lie dormant, but had filed two amended petitions and had responded to a motion for summary judgment. *Id.*

In this case, the first Appellee died in 1999 and the representative of his estate filed an answer in that same year. No activity occurred until the next Appellee

died in 2002. While the Dueitts did as the law required after the death of each Appellee, no other affirmative action was taken on the case. At the hearing on Appellees' motion, counsel for the Dueitts admitted that in thirteen years he had never requested a trial setting. While the Dueitts argue that their cause should be considered as two separate phases, we may consider the entire history of the case, including the length of time the case has been on file. *Scoville*, 9 S.W.3d at 204. Therefore, we find that the trial court did not abuse its discretion in dismissing the Dueitts' case under its inherent authority for want of prosecution when the case was on file for over thirteen years with no request for a trial setting. *Harvey*, 2004 WL 1685879, at *3, 2004 Tex.App. LEXIS 6818 at *12 (record supported dismissal for lack of prosecution, under court's inherent authority, based on plaintiff's failure to set trial date over nine-month period without a reasonable excuse, coupled with the forty-two-month time that the case was on file); *Manning*, 82 S.W.3d at 713–14 (eight and one-half years "is sufficient to establish a rebuttable presumption that appellants have not prosecuted the suit with due diligence"); *3V, Inc. v. JTS Enterprises, Inc.*, 40 S.W.3d 533, 541 (Tex.App.-Houston [14th Dist.] 2000, no pet.) ("When an unreasonable delay in the prosecution of a case occurs, it is presumed that the case has been abandoned. If that delay is not sufficiently explained, the presumption of abandonment is conclusive and the case will be dismissed."). We overrule the Dueitts' fifth issue.

*Failure to Hold a Hearing on the Motion to Reinstate was Harmless*

The Dueitts argue in their seventh issue that the trial court erred in failing to hold a hearing on their motion to reinstate. "The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed." *Smith*, 145 S.W.3d at 305–06 (citing TEX.R. CIV. P. 165a(4)); *Sierra Club*, at ——, 2005 WL 121869, at *2, 2005 Tex.App. LEXIS 454, *5. Rule 165a(3) provides that a judge "shall set a hearing" on a motion to reinstate as soon as practicable and notify all parties or their attorneys of record of the date, time, and place of the hearing. TEX.R. CIV. P. 165a(3). The rule is mandatory, and the trial court has no discretion about whether to set a hearing on the motion. *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex.1991) ("It [is] not within the discretion of the trial court to fail to hold an oral hearing on the motion to reinstate."); *Smith*, 145 S.W.3d at 305–06 ("It is not within the discretion of the trial court to fail to hold an oral hearing on a timely-filed, properly verified motion to reinstate.") *Matheson v. Am. Carbonics*, 867 S.W.2d 146, 147–48 (Tex.App.-Texarkana 1993, no writ) ("Whether or not the movant requests a hearing on a motion to reinstate is irrelevant; a hearing is required unless waived."). Therefore, the trial court abused its discretion in failing to hold a hearing on the Dueitts' motion to reinstate.

We now turn to whether the trial court's failure to hold a hearing is harmless. TEX.R.APP. P. 44.1; *see In re J.F.C.*, 96 S.W.3d 256, 274 (Tex.2002) ("Appellate courts should not reverse a trial court's judgment in violation of Rule 279 any more than appellate courts should reverse a trial court's judgment for error that was harmless. Rule 279 applies just as Texas Rule of Appellate Procedure 44.1 applies."); *In re J. B.*, 93 S.W.3d 609, 615 (Tex.App.-Waco 2002, pet. denied) (conducting a harm analysis for violation of Rule 245); *4M Linen & Uniform Supply Co., Inc. v.*

*W.P. Ballard & Co., Inc.,* 793 S.W.2d 320, 324 (Tex.App.-Houston [1st Dist.] 1990, writ denied) (conducting a harm analysis for violation of Rule 52). The trial court's error requires reversal if it probably caused the rendition of an improper judgment or probably prevented the Dueitts from properly presenting their case to the court of appeals. TEX.R.APP. P. 44.1(a); *In re J. B.,* 93 S.W.3d at 615.

▬▬▬ "The motion to reinstate is the failsafe to prevent cases that fall into any of the three categories from being improperly dismissed." *Binner,* 129 S.W.3d at 713. The motion to reinstate ensures that the dismissed party has received due process, because participation in the reinstatement hearing cures any due process concerns. *Steward,* 143 S.W.3d at 165; *Binner,* 129 S.W.3d at 713; *Manning,* 82 S.W.3d at 715; *Tex. Sting,* 82 S.W.3d at 649–50. Yet, we have already determined that the Dueitts received due process. The Dueitts received adequate notice and substance of the hearing on the motion to dismiss, and had the opportunity to respond at the hearing, which is all that due process requires. *Smith,* 145 S.W.3d at 302; *Tex. Sting,* 82 S.W.3d at 648. Therefore, all due process concerns were eliminated before the Dueitts filed their motion to reinstate. If participation in a motion to reinstate cures any due process error in the original hearing on the motion to dismiss, we do not see why the reverse should not also be true. *See Manning,* 82 S.W.3d at 715; *Tex. Sting,* 82 S.W.3d at 648–49. If due process was achieved in the original hearing on the motion to dismiss, then the failure to hold a hearing on the motion to reinstate was harmless.

Furthermore, the Dueitts did not promulgate any new arguments or advocate the discovery of new evidence supporting their claims in their motion to reinstate. The Dueitts argued the same issues in

their motion to reinstate that they argued in the hearing on the motion to dismiss. In the hearing on the motion to dismiss, the Dueitts argued that (1) Appellees' motion to dismiss was inadequate to inform them of the trial court's intentions; (2) that Appellees did not have standing to move the court to dismiss the Dueitts for want of prosecution; (3) that they received no notice that the trial court intended to dismiss their case for want of prosecution; and (4) that they exercised due diligence in prosecuting their case because of the numerous filings of scire faciases. These same issues were present in the Dueitts' motion to reinstate. No new arguments were before the trial court. The failure to hold a hearing did not cause a rendition of an improper judgment because the case was on file for over thirteen years, there was an admission from the Dueitts' counsel that he had never requested a trial setting, and the Dueitts offered no new evidence, only their claim that they exercised due diligence by filing a scire facias after each Appellee's death. Nor could the failure to hold a hearing prevent the Dueitts from presenting their case on appeal because the Dueitts argue these same issues on appeal. Therefore, we find that the failure to hold a hearing on the Dueitts' motion to reinstate was harmless. TEX.R.APP. P. 44.1(a); *In re J. B.,* 93 S.W.3d at 615. We overrule the Dueitts' seventh issue.

### *Any Error in Taxing Costs Against the Dueitts was not Properly Preserved*

▬▬ The Dueitts argue in their sixth issue that the trial court abused its discretion by taxing all costs against them because this created an adjudication of the merits, which is an action not allowed in a dismissal for want of prosecution. It is true that a dismissal for want of prosecution cannot be a decision on the merits of the case. *Bird v. Kornman,* 152 S.W.3d

154, 161 (Tex.App.-Dallas 2004, pet. denied).

■■■■ However, the Dueitts failed to argue this issue in their motion to reinstate. If a trial court's involuntary dismissal order mistakenly adjudicates the case on the merits by dismissing the suit with prejudice or by stating that the plaintiff "take nothing," the error must be challenged in a timely filed motion to reinstate or motion for new trial. If not, the error is waived. *Id.* (citing *El Paso Pipe & Supply Co. v. Mt. States Leasing, Inc.,* 617 S.W.2d 189, 190 (Tex.1981)) ("However, the error in dismissing a case with prejudice cannot be raised for the first time on appeal and must be presented to the trial court."); *Labrie v. Kenney,* 95 S.W.3d 722, 728–29 (Tex.App.-Amarillo 2003, no pet.) (stating error in improper dismissal for want of prosecution is "subject to waiver if the trial court is not given an opportunity to correct it or if the question is not properly raised on appeal"); *Andrews v. ABJ Adjusters, Inc.,* 800 S.W.2d 567, 568 (Tex. App.-Houston [14th Dist.] 1990, writ denied) (noting argument that dismissal for want of prosecution "with prejudice" was improper but argument could be waived on appeal). Therefore, because we find that this issue was not properly preserved for appeal, we overrule the Dueitts' sixth issue. *See* Tex.R.App. P. 33.1.

### Conclusion

Having overruled all of the Dueitts' issues, we affirm the trial court's order.