IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00271-CV

 

Phillip Nichols,

                                                                      Appellant

 v.

 

Sedalco Construction Services, 

an Assumed Name for an Unknown 

Person or Entity,

                                                                      Appellee

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2004-1489-1

 



Opinion










 

      The trial court dismissed
Nichols’s suit against Sedalco without prejudice.  Nichols appeals.  We affirm.

      In Nichols’s second issue, he
contends that the trial court erred in granting Sedalco’s motion to dismiss for
want of prosecution.  “Any case not disposed of within time standards
promulgated by the Supreme Court under its administrative rules may be”
dismissed.  Tex. R. Civ. P.
165a(2); see Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 850 (Tex. 2004); Dueitt v. Arrowhead Lakes Prop. Owners, Inc., 180 S.W.3d 733, 737 (Tex.
App.—Waco 2005, pet. denied).  Under those Texas Rules of Judicial
Administration, district-court judges “should, so far as reasonably possible,
ensure that all” non–family law civil “cases are brought to trial or final
disposition,” for nonjury cases, “[w]ithin 12 months from appearance date.”  Tex. R. Jud. Admin. 6, reprinted in Tex. Gov’t Code Ann., tit. 2,
subtit. F app. (Vernon 2005); id. (b)(2); see Polk v. Sw.
Crossing Homeowners Ass’n, 165 S.W.3d 89, 96 (Tex. App.—Houston [14th
Dist.] 2005, pet. denied).  

      “At the dismissal hearing, the
court shall dismiss for want of prosecution unless there is good cause for the
case to be maintained on the docket.”  Tex.
R. Civ. P. 165a(1).  “We review a dismissal for want of prosecution
under a clear abuse of discretion standard . . . .”  MacGregor
v. Rich, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam).  “The test for abuse
of discretion is whether the trial court acted without reference to any guiding
rules or principles.”  Cooper Tire & Rubber Co. v. Mendez, 204
S.W.3d 797, 800 (Tex. 2006) (quoting E.I. du Pont de Nemours &
Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995)).  “[T]he central issue is
whether the plaintiffs exercised reasonable diligence.”  MacGregor at
75.  “In determining . . . whether a party has demonstrated a lack of
diligence in prosecuting a claim, a trial court may consider the entire history
of the case; including the length of time the case was on file, the extent of
activity in the case, whether a trial setting was requested, and the existence
of reasonable excuses for delay.”  Dueitt, 180 S.W.3d at 739.  “No
single factor is dispositive . . . .”  Id. 

      If the appellants “did not
request findings of fact or conclusions of law, and the trial court did not
specify the standard of dismissal used,” then “we must affirm on the basis of
any legal theory supported by the record.”  See Dueitt, 180 S.W.3d at
737.  Where a dismissal “order does not state the specific ground on which it
was granted,” the appellant “must show that each independent ground alleged in
the motion to dismiss is insufficient to support the order.”  Harrison v.
Tex. Dep’t of Crim. Justice, 164 S.W.3d 871, 875 (Tex. App.—Corpus Christi
2005, no pet.); accord Morris v. Collins, 916 S.W.2d 527, 530 (Tex.
App.—Houston [1st Dist.] 1995, no writ).

      The trial court’s order did
not state its grounds, and the trial court did not make findings of fact and
conclusions of law.  

      Nichols argues as though
Sedalco’s motion complained solely of Nichols’s counsel’s failure to appear at
a single deposition.  Sedalco’s motion to dismiss alleged, first, and Sedalco
argues on appeal, that Nichols’s case had not been disposed of within the time
limits of the Rules of Judicial Administration.  Sedalco filed its answer in
May 2004.  No jury was requested.  The trial court signed its dismissal order
in May 2006.  Nichols’s case had thus been pending for twice the time allowed
by the Rules.  Nichols concedes that he did not respond to Sedalco’s initial
discovery requests, served in December 2004, until May 2005.  As to excuse for
the delay, Nichols points to two matters.  First, Nichols seeks to excuse two
weeks of that period, after Sedalco called Nichols’s attention to the late
responses, by pointing to the presence of Nichols’s counsel at a trial. 
Nichols complains that Sedalco did not notice Nichols for deposition until six
months after Nichols’s responses, and Nichols argues that the “only other delay
in completing Nichols’ deposition” occurred when Nichols’s counsel was
unavailable to attend the second attempted deposition of Nichols because of
another trial.  (Br. at 14.)  

      The record thus shows long
periods of inactivity punctuated by brief bursts of activity prompted by
Sedalco.  Nichols’s excuses for two, brief periods do not explain the remaining
long periods of inactivity.  The trial court did not clearly abuse its
discretion in dismissing Nichols’s suit for want of prosecution.  We overrule
Nichols’s second issue.

      Nichols’s third and fourth
issues concern the overruling of Nichols’s motion for new trial by operation of
law.  Nichols’s motion does not attack the ground of Sedalco’s motion to
dismiss on which we have overruled Nichols’s second issue above.  We overrule
Nichols’s third and fourth issues.

      In Nichols’s first issue, he
contends that the trial court erred in overruling Nichols’s motion for
protection from discovery.  Because of our dispositions of Nichols’s other
issues, we do not reach his first issue.

      Having overruled Nichols’s
second, third, and fourth issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Affirmed

Opinion delivered and filed May 23, 2007

[CV06]