

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00154-CV

**LARRY MICHAEL FRANCIS,**

Appellant

 v.

**TEXAS DEPARTMENT OF CRIMINAL
JUSTICE-INSTITUTIONAL DIVISION
PUBLICATION REVIEWER, ET AL.,**

Appellees

From the 278th District Court
Walker County, Texas
Trial Court No. 24,129

## MEMORANDUM OPINION

The trial court granted Appellees' motion to dismiss Larry Michael Francis's suit for want of prosecution. Francis contends in four issues that: (1) the practices of TDCJ employees in censoring inmate materials is not consistent with federal law; (2) the publication entitled *The Joy of Gay Sex* is not contraband; (3) this publication "is within the scope of his appropriate sexual activity"; and (4) his section 1983 claim "has been unduly burdened" by Appellees. We will affirm.

## Background

According to the pleadings, TDCJ officials in April 2004 refused to permit Francis to have a copy of the publication at issue and "confiscated and destroyed (3) copies." Francis filed a grievance and exhausted his administrative remedies. He then filed a section 1983 action in the County Court at Law of Walker County in November 2004. The record contains an abundance of correspondence Francis mailed to TDCJ officials and employees, to the county clerk's office, and to the judge. TDCJ Publication Reviewer Susie Chiles filed an original answer on December 27.

Francis filed amended petitions in March and April 2005.[1] He requested a temporary injunction on April 29, which was denied on May 9. Francis alleges that the judge denied his motion for summary judgment on May 27, but the docket sheet reflects only that an unspecified motion was denied on that date.[2] By letter dated October 17, Francis asked the judge to decide his case.

> The matters of law are clearly defined in my lawsuit, and I believe that my requests should be granted. Please issue your judgment and orders in response to my prayer.

In June 2006, Francis filed an "Amended Petition and Motion for Summary Judgment," requesting that it be set for hearing in the transmittal letter accompanying

---

[1] Francis's original petition named the TDCJ "Publication Reviewer" and the Director's Review Committee as defendants without identifying any individual defendants by name. The amended petition he filed in March 2005 identified Susie Chiles as the Publication Reviewer. In his April 2005 amended petition, Francis added as defendants the Mailroom Representative and the Mail Service Coordinators Panel, without identifying individuals.

[2] In letters sent to the trial judge in May and June 2005, Francis requested explanations for the judge's denial of his motion for injunctive relief, but these letters do not refer to any summary-judgment ruling.

the pleading.[3]  In February 2007, he filed a request for a setting in his lawsuit for a "hearing and final order."  By notation dated March 22, the trial judge advised Francis that she would not set the matter for hearing until Francis could "cite the statute that gives <u>this</u> <u>court</u> <u>jurisdiction</u> of these issues."  By letter dated October 11, 2007, Francis advised the judge that he had answered her questions regarding jurisdiction and awaited her "decision on default judgment and final order(s)."[4]  The judge interlineated on this letter a notation, "I do not have jurisdiction of sec. 1983 causes of action."

One month later, Francis filed a "Notice of Removal" to state district court.  The judges of the County Court at Law and of the 278th District Court signed an order on January 10, 2008 transferring Francis's lawsuit to the district court.

TDCJ filed a motion to dismiss for want of prosecution in district court on February 5, and the court signed an order granting the motion that same day.

### Dismissal for Want of Prosecution

Francis contends as part of his fourth issue that TDCJ filed its motion to dismiss "on grounds that did not apply" and misled the trial court regarding his due diligence.[5]  We construe this as a complaint that the court abused its discretion by granting the motion to dismiss.

---

[3]    In Francis's June 2006 amended petition, he dropped the Mailroom Representative and the Mail Service Coordinators Panel as defendants, and he substituted the new Publication Reviewer, Jennifer Smith.

[4]    However, we are not able to locate in the clerk's record any document in which Francis responded to the judge's jurisdictional concerns.

[5]    The other complaints presented in Francis's fourth issue are that TDCJ unduly burdened his lawsuit by: (1) relocating him to another county; (2) ignoring his requests for information; and (3) engaging in *ex parte* communications with trial court officials.

A trial court may dismiss a lawsuit for want of prosecution: (1) under the grounds specified in Rule of Civil Procedure 165a; or (2) under its inherent authority. *Villarreal v. San Antonio Truck & Equip., Inc.*, 994 S.W.2d 628, 630 (Tex. 1999); *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet. denied). The common law vests a trial court with inherent authority to dismiss a lawsuit for want of prosecution if the plaintiff fails to prosecute the case with due diligence.[6] *Villarreal*, 994 S.W.2d at 630; *see WMC Mortgage Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied).

In determining whether a plaintiff has prosecuted his or her case with due diligence, a court may consider "the entire history of the case, including the length of time it has been on file, the extent of activity in the case, and the existence of reasonable excuses for delay." *WMC Mortgage*, 200 S.W.3d at 752; *Dueitt*, 180 S.W.3d at 739. "No single factor is dispositive." *Id.* We review the court's decision under an abuse-of-discretion standard. *WMC Mortgage*, 200 S.W.3d at 752; *Dueitt*, 180 S.W.3d at 737.

Here, Francis's case was pending in the county court at law for three years before he sought to "remove" it to a state district court.[7] During those three years, he sent an abundance of correspondence to various elected officials, various TDCJ officials and employees, the trial judge, and the county clerk. He filed three amended petitions, a motion for a temporary injunction, and a motion for summary judgment. He requested

---

[6] TDCJ requested dismissal only pursuant to the court's inherent authority.

[7] The term "remove" ordinarily refers to the removal of a lawsuit from state court to federal court. *See* 28 U.S.C.S. § 1446 (LexisNexis 2003). Nevertheless, Texas law permits the transfer of a suit from a statutory county court to a district court if the district court has subject-matter jurisdiction and consents to the transfer. *See* TEX. GOV'T CODE ANN. § 74.121(b)(1) (Vernon 2005).

a setting on his summary-judgment motion contemporaneously with the filing of the motion. He requested a trial setting eight months later, but the trial court refused to set the matter for hearing until Francis could cite legal authorities establishing the court's jurisdiction.

After the court dismissed Francis's case, he filed a Memorandum in Opposition to Defendants' Motion to Dismiss for Want of Prosecution, alleging that he had been diligent in prosecuting his suit and that the "underlying reason for delay" was the county court at law's lack of jurisdiction and that court's failure to transfer the case to the district court until after the case had been pending for over three years. Francis also alleged that the delay was due in part to his transfer from a prison unit in Walker County to one in Jefferson County in November 2004.[8]

The record supports the court's dismissal of Francis's suit. First, the case had been pending for more than three years at the time of dismissal. *See Harvey v. Wetzel*, No. 03-03-00608-CV, 2004 Tex. App. LEXIS 6818, at *10-12 (Tex. App.—Austin July 29, 2004, no pet.) (dismissal warranted where case had been pending for over forty-two months). *Cf.* TEX. R. JUD. ADMIN. 6(b)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (Vernon Supp. 2008) (civil nonjury cases should be tried within twelve months). Francis's complaint that he was transferred to a Jefferson County prison unit is not persuasive because he was there for nearly the entire length of time his case was

---

[8] In a separate post-judgment pleading captioned a "Motion to Amend Order to Dismiss," Francis complained that he did not have adequate time to respond to TDCJ's motion to dismiss because the court granted the motion the same day it was filed. However, he does not contend in his brief that he was not given adequate notice. Thus, the issue of notice is not before us. *See Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

pending, yet he regularly mailed correspondence, pleadings, and other documents from that location.

In addition, we note that Francis conducted no discovery during the course of the proceedings. *See Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 97 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 187 (Tex. App.—Fort Worth 2004, no pet.). Francis stated in his Memorandum in Opposition to the dismissal motion that he had conducted informal discovery via "requests for information from Defendants (depositions)." From the correspondence in the clerk's record, it does appear that Francis wrote several letters to individual defendants requesting, among other things: (1) a list of publications which TDCJ had rejected due to content; and (2) a list of inmates at various units who were not permitted to receive such publications. However, informal discovery of this sort is no substitute for the formal discovery provided for by the Rules of Civil Procedure.[9]

Next, we observe that there were two significant gaps of inactivity before March 2007 when the judge advised Francis that he must provide citation to legal authorities demonstrating that her court had subject-matter jurisdiction. For the period between October 2005 and June 2006, the record contains some correspondence reflecting Francis's "informal discovery," a November 2005 letter complaining to a deputy clerk that his legal mail had been opened in violation of TDCJ policy, and an April 2006 letter notifying the deputy clerk of his intention to file an amended petition. And for the

---

[9] It is also a matter of concern that Francis directed these requests to individual defendants rather than to the assistant attorney general representing the defendants. *See* TEX. R. CIV. P. 8 ("<u>All communications</u> from the court or other counsel with respect to a suit shall be sent to the attorney in charge.") (emphasis added).

period between the filing of the amended petition in June 2006 and his request for a trial setting in February 2007, the record contains one letter from Francis to the deputy clerk dated July 2006 requesting a copy of the judge's orders.

Finally, with regard to the issue concerning whether the county court at law had subject-matter jurisdiction, Francis states in several documents that he addressed this issue and answered the judge's questions. However, our review of the record discloses no pleadings or correspondence citing any legal authorities in support of that court's exercise of jurisdiction. Instead, the record contains Francis's "Notice of Removal" which he filed more than six months after the judge advised him that she would not set his case for trial until he provided legal authorities demonstrating that her court had subject-matter jurisdiction.[10]

Accordingly, because of the length of time Francis's case remained pending, because of the lack of discovery, because of the various gaps of inactivity, and because of his failure to respond for more than six months to the court's request for him to cite authorities demonstrating subject-matter jurisdiction, we cannot say that the court abused its discretion by dismissing Francis's suit for want of prosecution under its inherent authority. We overrule that portion of Francis's fourth issue complaining of the court's dismissal of his suit for want of prosecution. We need not address the remainder of the issues presented. *See* TEX. R. APP. P. 47.1.

The judgment is affirmed.

---

[10] We are nevertheless unaware of any reason the county court at law did not have subject-matter jurisdiction. *See, e.g., El Paso Mental Health & Mental Retardation Ctr. v. Crissman*, 241 S.W.3d 578 (Tex. App.—El Paso 2007, no pet.) (appeal from county court at law in section 1983 lawsuit); *Retzlaff v. Tex. Dep't of Criminal Justice*, 135 S.W.3d 731 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (same).

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed December 17, 2008
[CV06]


*     (Chief Justice Gray concurs in the judgment of the Court to the extent it affirms the trial court's dismissal of Francis's suit under its inherent authority. A separate opinion will not issue. He notes, however, that the essence of reasons are distilled in a single heading in the Appellees' brief: Appellant fails to address why dismissal for want of prosecution was improper.)