

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00424-CV

Donald E. **CARTER**,
Appellant

v.

**ATTORNEY GENERAL OF THE STATE OF TEXAS**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 1993EM500955
Honorable Karen H. Pozza, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  August 6, 2014

AFFIRMED

On November 6, 2007, the trial court entered an order establishing that, based on a 1994 child support order, Appellant Donald E. Carter was in arrears in the amount of $28,504.04.  On February 12, 2013, Carter filed suit against the Attorney General contesting the 2007 order's validity.  The trial court denied Carter's petition and granted the Attorney General's motion to dismiss.

Carter asserts nine issues on appeal.  For organizational purposes, we address Carter's issues by subject matter: (1) res judicata; (2) the trial court's revival of a dormant judgment; (3)

the Attorney General's alleged failure to maintain accurate child support payment records; and (4) alleged procedural errors in the filing of his appeal. We overrule each issue and affirm the trial court's judgment.

## FACTUAL BACKGROUND

On April 20, 1994, the trial court signed an order establishing the parent/child relationship of Carter's two minor children. On May 17, 1994, Carter was ordered to pay $165.00 per month in current child support, and $5,000.00 in retroactive child support. On November 6, 2007, the trial court entered a subsequent order finding that, pursuant to the May 17, 1994 order, Carter was in arrears in the amount of $28,504.04. The trial court ordered Carter to pay $200.00 per month in arrearage payments until such time as the arrearage amount was paid in full.

On February 12, 2013, Carter filed a pro se petition and a request for a hearing on the trial court's time limitations bar to order the arrearages during the November 6, 2007 hearing. In his motion, Carter contended the Attorney General failed to timely file a motion to enforce the May 17, 1994 judgment prior to the fourth anniversary of the order. Based on his assertions the Attorney General was barred from filing the suit, and Carter sought repayment of monies paid against his child support obligation. The Attorney General timely filed an answer.

On March 13, 2013, Carter's petition and the Attorney General's motion to dismiss were heard. Carter contended there were discrepancies in the original order that were never properly resolved and that the trial court lost jurisdiction over the case in 2008, ten years after his youngest child was emancipated. The Attorney General countered the November 6, 2007 order was a final order and Carter had contested the administrative writ of withholding at a previous hearing. The Attorney General also argued Carter was barred from litigating issues contained within the November 6, 2007 order based on res judicata. Without stating a basis for its order, the trial court denied Carter's petition and granted the Attorney General's motion to dismiss.

On April 23, 2013, the case was again called for hearing. The trial court found that Carter's amended supplemental petition failed to allege a waiver of sovereign immunity and was barred by the doctrine of res judicata. The trial court also found Carter's motion for sanctions failed to establish grounds for imposition and could not be cured by amendment and was denied by the trial court. The trial court further granted the Attorney General's motion to dismiss on the plea to the jurisdiction and dismissed with prejudice "any and all of Donald Carter's Petition and Pleadings." This appeal ensued.

### MOTION TO DISMISS

A motion to dismiss based on a lack of subject-matter jurisdiction is the functional equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of the cause of action. *Lacy v. Bassett*, 132 S.W.3d 119, 122 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). Whether a court has subject-matter jurisdiction is a question of law subject to de novo review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

When the trial court grants a motion to dismiss with prejudice, without stating the grounds for the dismissal, an appellate court "must affirm on the basis of any legal theory supported by the record." *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet. denied) (citing *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)); *accord Comm'n for Lawyer Discipline v. Stern*, 355 S.W.3d 129, 134 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).

**A.     Res Judicata**

*1.     Arguments of the Parties*

Carter argues the trial court erred in dismissing his petition based on jurisdictional and res judicata grounds.

The Attorney General contends that Carter admitted during the March 13, 2013 hearing that he had previously attempted to argue the same issues in the same case before the same court in 2007 and his claims are, therefore, barred by res judicata.

*2.     Res Judicata*

"The doctrine of res judicata, or claim preclusion, bars a second action by parties and their privies on matters actually litigated in a previous suit, as well as claims 'which, through the exercise of diligence, could have been litigated in a prior suit.'" *Hallco Tex., Inc. v. McMullen Cnty.*, 221 S.W.3d 50, 58 (Tex. 2007) (quoting *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 799 (Tex. 1992)); *accord State & Cnty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001) (per curiam). Res judicata also prevents litigation of related matters that, with the use of diligence, should have been litigated in the earlier suit. *Miller*, 52 S.W.3d at 696; *AAA Free Move Ministorage, LLC v. OIS Invs., Inc.*, 419 S.W.3d 522, 525 (Tex. App.—San Antonio 2013, pet. denied) (en banc). "Res judicata requires proof of the following elements: (1) a final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *AAA Free Move Ministorage*, 419 S.W.3d at 524 (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

"As with other final, unappealed judgments which are regular upon their face, res judicata applies to final divorce decrees and arrearage judgments." *In re Nichols*, 51 S.W.3d 303, 307 (Tex.

App.—San Antonio 2000, no pet.) (citing *Berry v. Berry*, 786 S.W.2d 672, 673 (Tex. 1990)); *In re M.K.R.*, 216 S.W.3d 58, 66 (Tex. App.—Fort Worth 2007, no pet.).

> *3. Analysis*

> Based on the record before this court, the evidence supports the following:

> 1) A court of competent jurisdiction entered the November 6, 2007 judgment;
> 2) The parties involved in the 2007 hearing are the same parties that participated at the March 13, 2013 hearing; and
> 3) The claims asserted at the March 13, 2013 hearing are the same claims that were raised and could have been raised in the November 2007 action.

*See AAA Free Move Ministorage*, 419 S.W.3d at 526. As such, the trial court did not err in finding Carter's claims were barred by the doctrine of res judicata. Carter's failure to take action to appeal the orders he now contests resulted in final judgments. He acknowledged that he had "been trying to solve this case since 2007" and the Attorney General failed to show he violated the child support order when the trial court entered the 2007 judgment.

The appellate record includes several letters and motions where Carter contests the amount in arrears. Carter argued there were several discrepancies in how the trial court calculated the arrearage amount in the 2007 order. Carter further contends he attempted to resolve this matter when he filed a motion for new trial and received a default judgment against the Attorney General's Office in 2007, for presumably the same arguments. His default judgment was overturned based on his failure to notify the Attorney General's Office of the hearing.

Each of the arguments raised by Carter was previously litigated before the trial court and formed the basis for the November 6, 2007 order. We, therefore, conclude they are barred by the doctrine of res judicata and the trial court did not err in granting the Attorney General's motion to dismiss.

Moreover, because the trial court did not state the grounds on which the dismissal was based, we "must affirm on the basis of any legal theory supported by the record." *Dueitt*, 180 S.W.3d at 737. Accordingly, Carter's issues identified in his brief as issues four, seven, eight, and nine are overruled.

**B.     Dormant Judgment**

*1.       Arguments of the Parties*

Carter contends that because the May 17, 1994 judgment was dormant, the trial court did not have jurisdiction and erred in enforcing the May 17, 1994 judgment in its November 6, 2007 order.

The Attorney General counters that the dormant judgment statute does not apply to child support documents under the Texas Family Code.

*2.       Dormant Judgment Statute*

In Texas, once a judgment becomes dormant, it must be revived prior to execution. Section 34.001(a) of the Texas Civil Practices & Remedies Code provides as follows:

> (a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a) (West Supp. 2013). Carter contends section 34.001 precludes the trial court's enforcement of the May 17, 1994 judgment. We disagree.

*3.       Analysis*

Carter's argument appears to be based on a prior version of section 34.001. Effective June 19, 2009, the Texas Legislature amended section 34.001 by adding a subsection in which the legislature explicitly set forth that section 34.001 does not apply "to a judgment for child support under the Family Code." Act of May 28, 2009, 81st Leg., R.S., ch. 767, §§ 31, 51, 2009 Tex. Gen. Laws 1938, 1948, 1950 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(c)). The

legislature further provided that this amendment applies to each judgment for child support under the Family Code, regardless of the date upon which the judgment was rendered. *See id.*, §§ 31, 50, 2009 Tex. Gen. Laws at 1948, 1950; *see also Holmes v. Williams*, 355 S.W.3d 215, 221 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

The unambiguous language of section 34.001(c) provides that the dormant judgment statute does not apply to a judgment for child support under the Family Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(c); *In re D.W.G.*, 391 S.W.3d 154, 161 (Tex. App.—San Antonio 2012, no pet.) (holding retroactive application of section 34.001(c) was not unconstitutional). Accordingly, the trial court did not err in enforcing the May 17, 1994 judgment in its November 6, 2007 order. We overrule this issue, identified in Carter's brief as issue number five.

### C.      Remaining Issues

#### 1.        *Office of the Attorney General's Failure to Maintain Accurate Records*

Although it appears the gist of Carter's complaint is to contest the amount of arrearages owed, this issue was addressed above and is barred by res judicata. Carter separately contends the Office of the Attorney General failed to maintain accurate records of child support payments. Our review of the appellate record does not show this particular argument was brought before the trial court and, Carter does not direct our attention to any such argument before the trial court. Because Carter did not raise this issue before the trial court, he failed to preserve the error for appellate review. See TEX. R. APP. P. 33.1 (requiring record show "complaint was made to the trial court by a timely request, objection, or motion").

#### 2.        *Issues Associated with Appellate Record*

Carter's first three appellate issues are directly related to the filing of this appeal. Specifically, Carter contends the court reporter filed a late record without notice of late record or an extension by this court. Carter contends the delay caused harm because he could no longer

contest the accuracy of the record based on his memory of what was said and what evidence was omitted. Carter does not provide any authority that the late filing of the reporter's record is grounds for relief. This court "review[s] and evaluate[s] pro se pleadings with liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers." *Champion v. Robinson*, 392 S.W.3d 118, 128 (Tex. App.—Texarkana 2012, pet. denied) (citing *Foster v. Williams*, 74 S.W.3d 200, 202 n.1 (Tex. App.—Texarkana 2002, pet. denied)). These issues are not adequately briefed under Rule 38.1 and are, therefore, overruled. TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

## CONCLUSION

Having overruled each of Carter's issues raised in his appeal, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice