

# IN THE
## TENTH COURT OF APPEALS

### No. 10-22-00174-CV

**DAVID MENEFEE AND BRENDA MENEFEE,**

**Appellants**

**v.**

**THE SCOGGINS REAL ESTATE TEAM, LLC, PENNYBAGS, LLC, SCOGGINS ENTERPRISES, INC., HESSCO ROOFING & REMODELING, LLC, 1ST CHOICE FENCING, INC., JODY SCOGGINS, KIM SCOGGINS, AND DEBBIE SCOGGINS,**

**Appellees**

From the 414th District Court
McLennan County, Texas
Trial Court No. 2017-2147-5

## MEMORANDUM OPINION

In one issue, named appellants, David Menefee[1] and Brenda Menefee, contend the

trial court abused its discretion when it dismissed their case for want of prosecution. We

affirm.

---

[1] While this case was pending in trial court, David Menefee passed away. The record does not reflect that Brenda Menefee or anyone else has authority to act on behalf of David Menefee or his estate at

## Background

The Menefees filed suit against The Scoggins Real Estate Team, LLC, Pennybags, LLC, Scoggins Enterprises, Inc., Hessco Roofing & Remodeling, LLC, 1st Choice Fencing Inc., Jody Scoggins, Kim Scoggins, and Debbie Scoggins (the "Scoggins parties") on July 5, 2017, alleging civil conspiracy, an action under the Texas Theft Liability Act, fraud in a real estate transaction, breach of fiduciary duty, a civil RICO action, wrongful disclosure, and common-law fraud. The Menefees contended that Jody Scoggins, with the assistance of the remaining Scoggins parties, devised a fraudulent scheme to misappropriate the Menefees' property by forcing David to sign a fraudulent power of attorney and then using that power of attorney to embezzle funds and property from David, who was blind and suffering from dementia at the time. The Scoggins parties jointly filed an original answer generally denying the allegations made by the Menefees.

While the Menefees' lawsuit was pending, a criminal investigation ensued, and Jody Scoggins was arrested. While the criminal investigation was under way, the Scoggins parties conducted discovery through oral and written depositions in September and October of 2017.

On November 10, 2017, the Menefees filed a motion to quash the deposition of David and a motion for a protective order to prevent his deposition for as long as he

this time. Further, the parties do not take issue with Brenda's status in this appeal. Accordingly, we will refer to Brenda as the sole appellant on this issue.

remained incapacitated and in poor health. In their response, the Scoggins parties insisted that David participate in the deposition because he "is the only person who can testify as to certain allegations made in this lawsuit." After a hearing in December 2017, the trial court granted the Menefee's motion to quash and motion for protective order.

On November 10, 2017, the Menefees served a First Request for Production on the Scoggins parties. Thereafter, on December 15, 2017, the Scoggins parties took Brenda's deposition. In May 2018, the Scoggins parties sent notice of intent to depose Anthony "Bear" Childers. In response, the Menefees filed a motion to quash and motion for protective order seeking to prevent the deposition of Childers. The record before us reflects that Childers's deposition was postponed until August 13, 2018.

After October 2, 2018, there were no filings in the case, apart from a vacation letter in early 2020, until the Scoggins parties filed a motion to dismiss the case for want of prosecution on February 28, 2022. In their motion to dismiss for want of prosecution, the Scoggins parties note that the only discovery initiated by the Menefees was the First Request for Production served on November 10, 2017, and that the action has been pending on the trial court's docket for four years and seven months without any affirmative action taken by the Menefees to secure an adjudication on the merits or otherwise dispose of the case.

Brenda responded to the motion to dismiss, blaming the delays in the case on COVID-19 and the pending criminal case against Jody Scoggins.[2] Brenda further argued that they could not pursue discovery while Jody Scoggins's criminal case was pending because he lodged an objection "raising the 5th amendment and refusing the answer." Brenda vowed to reengage discovery and to prosecute their claims now that the criminal case against Jody Scoggins was purportedly dropped.

Just a few days before the hearing on the motion to dismiss, Brenda obtained new attorneys, who were allowed to substitute as counsel. On March 28, 2022, the trial court conducted a hearing on the motion to dismiss. After the hearing, new counsel for Brenda filed a number of documents. On April 1, 2022, counsel for Brenda filed a first supplemental petition. Three days later, counsel for Brenda then filed a proposed scheduling order, as well as a brief opposing the motion to dismiss for want of prosecution filed by the Scoggins parties. On May 3, 2022, the trial court signed an order granting the Scoggins parties' motion to dismiss for want of prosecution despite the recent filings by Brenda. This appeal followed.

**Standard of Review**

A trial court's power to dismiss a suit for want of prosecution originates from two sources: (1) Texas Rule of Civil Procedure 165a and (2) the trial court's inherent authority. TEX. R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630

---

[2] At this stage in the proceedings, David Menefee had passed away.

(Tex. 1999). A trial court may dismiss a suit under Rule 165a when (1) a party fails to appear for a trial or hearing or (2) when a suit is not disposed of within the time standards given by the Supreme Court. TEX. R. CIV. P. 165a(1), (2); *Steward v. Colonial Cas. Ins. Co.*, 143 S.W.3d 161, 163-164 (Tex. App.—Waco 2004, no pet.).

We review a dismissal for want of prosecution under an abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court abuses its discretion when it acts "without reference to any guiding rules or principles," or, stated another way, when the trial court acts in an arbitrary and unreasonable manner. *Steward*, 143 S.W.3d at 164 (citing *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003)).

If the appellants "did not request findings of fact or conclusions of law, and the trial court did not specify the standard of dismissal used," then the appellate court must affirm on the basis of any legal theory supported by the record. *Nichols v. Sedalco Const. Servs.*, 228 S.W.3d 341, 342–43 (Tex. App.—Waco 2007, pet. denied) (citing *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet. denied)). Furthermore, where a dismissal "order does not state the specific ground on which it was granted," the appellant "must show that each independent ground alleged in the motion to dismiss is insufficient to support the order." *Nichols*, 228 S.W.3d at 342–43 (citing *Harrison v. Tex. Dep't of Crim. Justice*, 164 S.W.3d 871, 875 (Tex. App.—Corpus Christi 2005, no pet.)). Here, the trial court's order did not state its grounds, and the trial

court did not make findings of fact and conclusions of law. Therefore, this Court may affirm the dismissal if any legal theory is supported by the record. *See Nichols*, 228 S.W.3d at 342; *see also Dueitt*, 180 S.W.3d at 737.

DISCUSSION

In their motion to dismiss, the Scoggins parties alleged that dismissal for want of prosecution was warranted under both Texas Rule of Civil Procedure 165a(2) and the court's inherent authority. *See* TEX. R. CIV. P. 165a(2); *see also Villarreal*, 994 S.W.2d at 630. The Scoggins parties argued that the time the case had been pending—over four years and seven months—was outside the time standards set by the Texas Supreme Court in its Rules of Judicial Administration, which states that district-court judges "should, so far as reasonably possible, ensure that all" non-family law civil "cases are brought to trial or final disposition," for jury cases, "within 18 months from appearance date." TEX. R. JUD. ADMIN. 6.1(a)(1). Furthermore, the Scoggins parties assert that the Menefees failed to exercise due diligence, and thus, the district court had inherent authority to dismiss for want of prosecution. Because nothing in the record shows that the Menefees failed to appear at a hearing or trial, we conclude that Texas Rule of Civil Procedure 165a(1) was not the basis for the trial court's ruling. *See* TEX. R. CIV. P. 165a(1). Therefore, Brenda must show that each of these alleged grounds—exceeding the time period and lack of due diligence—are insufficient to support dismissal for want of prosecution.

Beginning with the trial court's inherent authority to dismiss for want of prosecution, the central issue is whether the Menefees exercised reasonable diligence in prosecuting their claim. *See MacGregor*, 941 S.W.2d at 75 (citing *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976)).

> In determining under its inherent authority whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay.

*Dueitt*, 180 S.W.3d at 739 (citing *Scoville v. Shaffer*, 9 S.W.3d 201, 204 (Tex. App.—San Antonio 1999, no pet.); *King v. Holland*, 884 S.W.2d 231, 237 (Tex. App.—Corpus Christi 1994, writ denied)). "No single factor is dispositive . . . ." *Id.* (citing *Ozuna v. Sw. Bio-Clinical Labs.*, 766 S.W.2d 900, 902 (Tex. App.—San Antonio 1989, writ denied)).

As previously mentioned, this case was filed on July 5, 2017, and after May 2018, the Menefees took no further actions to prosecute this case until presented with the Scoggins parties' motion to dismiss for want of prosecution. Prior to the filing of the motion to dismiss, the Menefees' only activity in the prosecution of this case were the requests for production served in November of 2017, and a couple of motions to quash and motions for protective orders to avoid participating in depositions. The Menefees did not make any further discovery requests or notice any depositions. Additionally, at no time during this time period did the Menefees request a trial setting or seek a stay. *See U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F.Supp.2d 758, 761 (W.D. Tex. 2008)

("When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action").

Furthermore, no reasonable excuses for delay exist. Brenda primarily attributes the delay in prosecuting this suit to the criminal indictment of Jody Scoggins and Scoggins's assertion of his Fifth Amendment privilege. In Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Prosecution, the Menefees stated that: "Plaintiffs have waited years for the District Attorney's office to finish their prosecution of Defendants before the Plaintiffs began to prosecute this civil case." However, the pendency of a criminal case does not impair a court's proceeding with a contemporaneous civil case involving the same issues or parties; nor does it justify abating or staying all discovery in the civil case until the criminal case is resolved. *See Kugle v. Daimlerchrysler Corp.*, 88 S.W.3d 355, 362 (Tex. App.—San Antonio 2002, pet. denied) ("An individual witness's right to claim protection from discovery to any particular question in the civil case does not stop all proceedings in the civil case involving the witness."); *In re R.R.*, 26 S.W.3d 569, 574 (Tex. App.—Dallas 2000, orig. proceeding) ("It is true that the trial court needs to give consideration to the effect of discovery in a civil case on pending criminal proceedings. However, the pendency of a criminal matter does not impair a court's proceeding with a contemporaneous civil matter involving the same issues or parties. . . . There is no constitutional prohibition against both cases going forward simultaneously." (citing *Tex. Attorney Gen. Office v.*

*Adams*, 793 S.W.2d 771, 776 (Tex. App.—Fort Worth 1990, orig. proceeding); *McInnis v. State*, 618 S.W.2d 389, 393 (Tex. App.—Beaumont 1981, writ ref'd n.r.e.)). Therefore, even though a criminal case against Jody Scoggins was pending, the Menefees could have conducted discovery regarding any of the other named defendants or developed other aspects of the case but chose not to do so.

Additionally, Brenda cannot rely on Jody Scoggins's assertion of his Fifth Amendment privilege as a reasonable excuse for delay. In response to the Menefees' Request for Production, Jody Scoggins made a general objection and asserted his Fifth Amendment privilege. However, Jody Scoggins's general assertion of privilege does not apply to other discovery requests because blanket assertions of the privilege against self-incrimination are prohibited; thus, to assert the privilege, Jody Scoggins had to do so on a question-by-question basis. *See In re Edge Capital Group, Inc.*, 161 S.W.3d 764, 768 (Tex. App.—Beaumont 2005, orig. proceeding) ("Blanket assertions of the Fifth Amendment privilege generally are not permitted in civil cases."); *see also In re Verbois*, 10 S.W.3d 825, 828 (Tex. App.—Waco 2000, orig. proceeding) ("Blanket assertions of the federal or state privilege against self-incrimination are impermissible. Rather, the privilege must be asserted on a question-by-question basis." (citations omitted)). The Menefees speculated that Jody Scoggins would continue to invoke his Fifth Amendment privilege without actually attempting to notice depositions or make other discovery requests. Based on the

foregoing, we are not persuaded by the contention that Jody Scoggins's assertion of the Fifth Amendment privilege made him an unavailable witness.

Brenda also argues that COVID-19 delayed prosecution of the case, but the Menefees filed this case on July 5, 2017 and ceased activity in May 2018, almost two years before the onset of COVID-19 affected the docket of the trial court. Consequently, under these facts, we do not believe that COVID-19 is a reasonable excuse for delay.

Based on the record, we conclude that most, if not all, of the factors listed in *Dueitt* support the trial court's conclusion, under its inherent authority, that the Menefees demonstrated a lack of diligence in prosecuting their claims against the Scoggins parties. *See Dueitt*, 180 S.W.3d at 739; *see also Scoville,* 9 S.W.3d at 204; *King,* 884 S.W.2d at 237. Accordingly, we hold that the trial court did not abuse its discretion by granting the Scoggins parties' motion to dismiss for want of prosecution.[3] *See MacGregor*, 941 S.W.2d at 75. We overrule Brenda's sole issue on appeal.

**Conclusion**

We affirm the trial court's judgment.

MATT JOHNSON
Justice

---

[3] Because we have concluded that the trial court did not abuse its discretion by dismissing the Menefees' suit under the trial court's inherent authority, we need not address whether dismissal was proper under Texas Rule of Civil Procedure 165a(2). *See* Tex. R. App. P. 47.1, 47.4.

Before Chief Justice Gray
       Justice Johnson[4], and
       Justice Smith
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed May 31, 2023
[CV06]



---

[4] This opinion was circulated by the authoring justice for review by the panel members on March 17, 2023.