

# NUMBER 13-00-00113-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MICHAEL JOSEPH LESSARD,**
**DOROTHY ELAINE LESSARD,**
**MONICA JEAN LESSARD, AND**
**JEANNIE MARIE LESSARD,**                                   **Appellants,**

**v.**

**VELSICOL CHEMICAL CORPORATION,**                          **Appellee.**

---

**On appeal from the 343rd District Court of Live Oak County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Garza**

Appellants, Michael Joseph Lessard, Dorothy Elaine Lessard, Monica Jean Lessard,

and Jeannie Marie Lessard, appeal from the trial court's granting of a motion to dismiss for

want of prosecution in favor of appellee, Velsicol Chemical Corporation ("Velsicol").[1]  By

two issues, the Lessards argue that the trial court abused its discretion:  (1) in dismissing

their claims for want of prosecution; and (2) in refusing to reinstate their claims pursuant

to Texas Rule of Civil Procedure 165a(3).  *See* TEX. R. CIV. P. 165a(3).  We affirm.

## I. BACKGROUND

This dispute involves damages arising from the chemical contamination of several

residences in Live Oak County, Texas.  Originally, the dispute involved numerous parties;

however, most of the parties have settled their claims, leaving only the Lessards, Velsicol,

and Fruit of the Loom as parties.

The Lessards filed their original petition on December 31, 1990, alleging, among

other things, that Velsicol and Fruit of the Loom were negligent in designing,

manufacturing, and marketing Gold Crest C-100 Emulsifiable Concentrate, the chemical

which allegedly contaminated the Lessards' residence.  The Lessards' lawsuit was one of

three lawsuits against the same set of defendants—trial court cause numbers 7202-C (filed

by the Episcopal Church Corporation of West Texas), 7205-C (filed by the Reynolds

family), and 7214-C (filed by the Lessard family).  The trial court consolidated the three

lawsuits on December 16, 1991.

On June 24, 1993, the trial court ordered that all further proceedings and the trial

---

[1] The record reflects that the following parties were once part of this appeal as appellees:  Savage Pest Control; Leslie Savage Bowles, individually and as the executor of the estate of James S. Savage, deceased; Charyle M. Merritt, Sammey Allison Merritt; the unknown heirs of James S. Savage; James S. Savage d/b/a Savage Pest Control; Robert D. Nogueria, individually and as executor of the estate of James S. Savage (collectively the "Savage parties").  In fact, the Savage parties jointly filed with Velsicol the motion to dismiss for want of prosecution complained about on appeal.  This Court, on June 8, 2000, issued an order dismissing the appeal as to the Savage parties because the Savage parties and the Lessards had settled their claims.  As a result, this Court severed the Lessards' claims as to the Savage parties into a separate appellate cause number—13-00-349-CV—and dismissed the appeal.  The Lessards' remaining issues against Velsicol remained docketed under the current appellate cause number—13-00-113-CV.

of the matter were to be conducted before a visiting judge. The trial court further ordered the parties to "agree upon the identity of a visiting judge within ten days from the date of this Order." The parties never agreed on which visiting judge would conduct further proceedings.

On April 22, 1994, all of the parties agreed to a joint motion to continue the upcoming May 23, 1994 trial setting, which the trial court granted. Velsicol, Fruit of the Loom, and the Savage parties filed a motion for the appointment of a visiting judge on July 28, 1994, requesting that the trial court appoint a visiting judge since the Lessards and the other plaintiffs had rejected each of the proposed visiting judges named on the defendants' list without offering a list of their own. The record does not reflect that the trial court ruled on this motion.

On February 28, 1997, the trial court entered an agreed order of referral appointing Steven W. Fieldcamp as the mediator for the claims.[2] After mediation in 1997, Velsicol, Fruit of the Loom, and the other defendants settled with the plaintiffs in trial court cause numbers 7202-C and 7205-C, leaving only the Lessards' claims unresolved.

On March 14, 1999, the Lessards filed a motion with the trial court requesting the trial court to set a docket control conference by telephone for the purpose of scheduling a trial date. The trial court set the docket control conference for March 23, 1999, and sent notice to the parties. It is not clear from the record before us when the new trial setting was scheduled.

Nevertheless, on October 19, 1999, Velsicol and the Savage parties filed a joint

---

[2] By signing the February 28, 1997 agreed order of referral, the trial court ostensibly denied the July 28, 1994 motion for the appointment of a visiting judge filed by Velsicol, Fruit of the Loom, and the Savage parties.

3

motion to dismiss the Lessards' claims for want of prosecution. In this filing, Velsicol and the Savage parties argued that they had provided the Lessards with lists of visiting judges on numerous occasions and that the Lessards failed to do anything. Velsicol and the Savage parties also alleged that the case had been outstanding for nine years at the time of filing and that the Lessards were "the only outstanding claims despite mediation attempts and numerous letters sent to the Plaintiffs on behalf of the Defendants to obtain a visiting judge."

On November 12, 1999, the Lessards filed a response to the joint motion to dismiss for want of prosecution. The Lessards alleged that a jury trial of their claims would only take a week and requested a trial setting for the first available week after February 2000. Counsel for the Lessards noted that he was recently employed by the law firm of Spagnoletti & Associates for the specific purpose of prosecuting this matter, and he subsequently proposed a new list of visiting judges and, alternatively, suggested that the trial court select a visiting judge if Velsicol and the Savage parties objected to his list of visiting judges. Nowhere in the response did counsel for the Lessards explain why the case had been delayed for over nine years.

On November 17, 1999, the trial court conducted a hearing on Velsicol and the Savage parties' joint motion to dismiss. At the hearing, counsel for the Savage parties noted that this matter would take more than one week to try and alleged that the Lessards had "basically sat on their hands for nine years in this case." Counsel for Velsicol stated that discovery in the case had not been updated since 1992 and that he was not afforded the opportunity to finish a deposition of the Lessards' expert witness. Velsicol's counsel also referenced a recent claim brought by the Lessards for damages associated with

4

"painful, sensitive polyneuropathy" and that the Lessards had not participated in discovery regarding that claim. In explaining why the case had taken so long to prosecute, counsel for the Lessards noted the following:

[Counsel for the Lessards]: All right. I have filed a response in this case. As I said, Your Honor, I originally represented the Lessards. I have been out of this case for five years. I've just been rehired. My first priority is to go forward with this case.

. . . .

[Counsel for the Lessards]: I left the law firm, Your Honor, and went into practice elsewhere. And in fact, I tried to retire from the practice of law first of the year and found out I just couldn't do that. And so Mr. Spagnoletti asked me to come back and clear up some cases including this one.

. . . .

[Counsel for the Lessards]: Now that I'm on the case, I'll see all that is done and I will do it expeditiously just as soon as it can possibly be done. And I'll see that it's done.

To correct what Counsel said, originally I represented the Lessards when I was with the Kleberg Law Firm in Corpus Christi. I have not been associated with this case. I turned this case over to Mr. Spagnoletti about four or five years ago. I haven't been associated with the case in the last three years.

I'm back here. I know the Lessards personally and I originally represented them and I would—just to have their day in court or get this thing concluded for them. And that's all I ask, Your Honor, and I will diligently do whatever this Court suggests or wants me to do with regards [sic] to resolving it, and

5

|  |  |
|---|---|
|  | that'll be done. I promise Your Honor that. |
| . . . . |  |
| THE COURT: | They never did move the cases when you left. |
| [Counsel for the Lessards]: | I know. I intend to move it now, Your Honor. |

The trial court subsequently dismissed the Lessards' claims for want of prosecution.

On December 16, 1999, the Lessards filed various post-judgment motions, including a verified motion to reinstate, arguing that the trial court abused its discretion in dismissing the case and that rule 165a of the Texas Rules of Civil Procedure mandated reinstatement. *See* TEX. R. CIV. P. 165a. Included with their verified motion to reinstate was an affidavit executed by Francis I. Spagnoletti in which he stated the following:

> My firm has continuously represented Plaintiffs [the Lessards] since obtaining this case. The case was mediated in 1997, but no settlement could be reached. Although it is true that the case has now been on file for nine years (1990-1999), there are several reasons that explain this passage of time:

> First, as is customary at my firm, I assigned this case to associates, who then prepare the case as necessary for trial, including propounding and responding to discovery, obtaining medical records, and consulting with expert witnesses. Over the years that this case has been on file, the handling associate changed on several occasions. This fact has resulted in an unintended delay in handling.

> Second, this case is a consolidation of three separate lawsuits with separate sets of plaintiffs (the Reynolds, the Lessard[s], and the Episcopal Church), and includes separate defendants which are separately represented. The claims of the Reynolds were finally settled after lengthy proceedings . . . .

On December 20, 1999, the Lessards filed their original notice of appeal, which they later supplemented on March 13, 2000. The trial court denied all of the Lessards' post-judgment motions on January 31, 2000. The trial court entered an amended order of

6

dismissal on February 9, 2000, adding Fruit of the Loom to the list of defendants.[3]  It is because of this alteration that the Lessards filed their supplemental notice of appeal on March 13, 2000.

On December 29, 1999, Fruit of the Loom filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  This Court was notified of Fruit of the Loom's bankruptcy filing on July 24, 2000.  *See* TEX. R. APP. P. 8.1.  On August 17, 2000, this Court stayed the Lessards' appeal pursuant to the automatic stay imposed by the bankruptcy code.  *See* 11 U.S.C. § 362(a).  The Lessards filed a motion to reinstate their appeal on June 8, 2007, noting that the bankruptcy proceedings involving Fruit of the Loom had concluded on March 21, 2007.  *See* TEX. R. APP. P. 8.3(a).[4]  On June 28, 2007, we granted the Lessards' motion to reinstate their appeal.  This appeal followed.

---

[3] The Lessards did not name Fruit of the Loom as a party in their March 13, 2000 supplemental notice of appeal.

[4] Rule 8.3(a) of the Texas Rules of Appellate Procedure provides the following:

> If a case has been suspended by a bankruptcy filing, a party may move that the appellate court reinstate the appeal if permitted by federal law or the bankruptcy court.  If the bankruptcy court has lifted or terminated the stay, a certified copy of the order must be attached to the motion.

TEX. R. APP. P. 8.3(a).  In the instant case, the Lessards included a copy of the status report from Fruit of the Loom's bankruptcy proceedings as compiled by the PACER Docket Service for the United States Bankruptcy Court for the District of Delaware with their motion to reinstate their appeal.  This status report is not certified, but it does indicate that Fruit of the Loom's bankruptcy proceedings terminated on March 21, 2007, thereby demonstrating that the automatic stay is no longer in effect.  Though the status report is not certified, we find that the Lessards substantially complied with the requirements of rule 8.3(a) of the rules of appellate procedure.  *See id.*; *see also* TEX. R. APP. P. 8.3(b); *MCI Sales & Serv. v. Hinton*, No. 10-08-00353-CV, 2008 Tex. App. LEXIS 8200, at *1 (Tex. App.–Waco Oct. 29, 2008, pet. filed) (mem. op.) (per curiam) ("[An appeal] may be reinstated on motion of any party showing that the stay has been lifted or modified and specifying what action, if any, is required from this Court upon reinstatement of the appeal."); *Ma-Stell, Inc. v. Anadarko E&P Co.*, Nos. 10-03-00358-CV & 10-05-00204-CV, 2005 Tex. App. LEXIS 3193, at *2 n.3 (Tex. App.–Waco Apr. 27, 2005, order) (noting that rule 8.3(b) of the rules of appellate procedure provides that the appeals court may sever and reinstate on its own initiative).

## II. ANALYSIS

## A. The Trial Court's Dismissal of the Lessard's Claims for Want of Prosecution

In their second issue, the Lessards argue that the trial court abused its discretion in exercising its inherent power to dismiss their case for want of prosecution. Specifically, the Lessards contend that: (1) the trial court failed to give them notice that it planned to dismiss their case for want of prosecution; and (2) the record demonstrates that they were diligent in trying to obtain a trial setting from the trial court. Velsicol counters by arguing that the Lessards received reasonable notice and were given an opportunity to be heard before the trial court dismissed their claims after being on file for nine years at the time of dismissal.

### 1. Standard of Review

We review a trial court's dismissal of a suit for want of prosecution under an abuse of discretion standard. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam); *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *see also Sewell Motor Co. v. Capitan Enters., Inc.*, No. 08-02-00454-CV, 2004 Tex. App. LEXIS 3577, at **5-6 (Tex. App.–El Paso Apr. 22, 2004, pet. denied) (mem. op.). The trial court abuses its discretion when it acts without reference to any guiding rules or principles or if the action is arbitrary or unreasonable. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 1990); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

A trial court may dismiss a case for want of prosecution: (1) when a party fails to appear at a hearing or trial; (2) when the case has not been disposed of within the

8

Supreme Court's time standards;[5] or (3) under the trial court's inherent power to dismiss, when the case has not been prosecuted with due diligence. *See* TEX. R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Rotello*, 671 S.W.2d at 509; *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 57 (Tex. App.–Houston [14th Dist.] 1993, no writ). The trial court's authority to dismiss is derived both from rule 165a of the Texas Rules of Civil Procedure and from its inherent power to manage its own docket. *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976); *Burton v. Hoffman*, 959 S.W.2d 351, 353 (Tex. App.–Austin 1998, no pet.).

When an unreasonable delay in the prosecution of a case occurs, it is presumed that the case has been abandoned. *Bilnoski*, 858 S.W.2d at 57 (citing *Hosey v. County of Victoria*, 832 S.W.2d 701, 704 (Tex. App.–Corpus Christi 1992, no writ)). If that delay is not sufficiently explained, the presumption of abandonment is conclusive and the case will be dismissed. *Id.* The trial court, in exercising its inherent authority, may consider periods of activity, intervals of inactivity, reasons for lack of attention, and the passage of time to determine whether the delay was reasonable. *Ozuna v. Sw. Bio-Clinical Labs.*, 766 S.W.2d 900, 902 (Tex. App.–San Antonio 1989, writ denied); *see King v. Holland*, 884 S.W.2d 231, 237 (Tex. App.–Corpus Christi 1994, writ denied) (noting that in exercising its inherent power to dismiss a case, a trial court may consider the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for the delay). The Lessards did not request findings of

---

[5] Texas Rule of Judicial Administration 6(b) provides that all civil jury cases should be brought to trial or final disposition within eighteen months from appearance date and that all civil nonjury cases should be brought to trial or final disposition within twelve months from appearance date. TEX. R. JUD. ADMIN. 6(b). However, the supreme court "recognized that in especially complex cases or special circumstances it may not be possible to adhere to these standards." TEX. R. JUD. ADMIN. 6(e).

9

fact or conclusions of law, and the trial court did not specify the standard of dismissal used; therefore, we must affirm the trial court's decision if any legal theory for the dismissal is supported by the record. *See Point Lookout W., Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987); *see also Maughan v. Employees Ret. Sys. of Tex.*, No. 03-07-00604-CV, 2008 Tex. App. LEXIS 5822, at *7 (Tex. App.–Austin Aug. 1, 2008, no pet.) (mem. op.).

### 2. Discussion

The Lessards first argue that the trial court abused its discretion because it did not provide adequate notice of its intent to dismiss their case for want of prosecution. Texas Rule of Civil Procedure 165a(1) provides that a party must be provided with notice and an opportunity to be heard before a trial court may dismiss a case for want of prosecution under either rule 165a or its inherent power. *See* Tex. R. Civ. P. 165a(1) ("Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney."); *Villarreal*, 994 S.W.2d at 630; *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 737 (Tex. App.–Waco 2005, pet. denied); *see also Callahan v. Staples*, 139 Tex. 8, 161 S.W.2d 489, 491 (1942) (requiring notice for dismissals under the court's inherent power); *Gutierrez v. Lone Star Nat'l Bank*, 960 S.W.2d 211, 214 (Tex. App.–Corpus Christi 1997, pet. denied) (requiring notice for dismissals under rule 165a). The requirements of notice and a hearing are necessary to ensure that the dismissed claimant received due process. *Dueitt*, 180 S.W.3d at 737 (citing *Smith v. McKee*, 145 S.W.3d 299, 302 (Tex. App.–Fort Worth 2004, no pet.); *Tex. Sting Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648 (Tex. App.–San Antonio 2002, pet. denied); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.–Dallas 2001, pet. denied)). The failure to provide adequate

notice of the trial court's intent to dismiss for want of prosecution is a due process violation and requires reversal. *Villarreal*, 994 S.W.2d at 630 (citing *Donnell v. Spring Sports, Inc.*, 920 S.W.2d 378, 386 (Tex. App.–Houston [1st Dist.] 1996, writ denied); *Davis v. Laredo Diesel, Inc.*, 611 S.W.2d 943, 946-47 (Tex. Civ. App.–Waco 1981, writ ref'd n.r.e.)); *see Keough v. Cyrus U.S.A., Inc.*, 204 S.W.3d 1, 5 (Tex. App.–Houston [14th Dist.] 2006, pet. denied). However, participation in a hearing on a motion to reinstate cures any due process concerns for the trial court's failure to provide notice of its intent to dismiss for want of prosecution. *Dueitt*, 180 S.W.3d at 737.

The Lessards argue that they did not receive adequate notice of the trial court's intent to dismiss their case because the notice was promulgated by Velsicol via its joint motion to dismiss for want of prosecution and not by the trial court itself. They argue that Velsicol's joint motion was only sufficient to inform the Lessards of Velsicol's intentions and gave no indication of the trial court's intentions. They further argue that Velsicol cannot give notice of the trial court's intention to dismiss the claims using its inherent power, but that the trial court must give notice of its own intentions.

However, several Texas courts have held that a dismissal for want of prosecution may be obtained by the motion of the trial court or on the motion of any party to the suit. *See Dueitt*, 180 S.W.3d at 738; *see also Sierra Club v. Tex. Comm'n on Envtl. Quality*, No. 03-04-00108-CV, 2005 Tex. App. LEXIS 454, at *5 (Tex. App.–Austin Jan. 21, 2005, no pet.) ("Contrary to appellants' arguments, the rule 165a reinstatement procedure applies to all dismissals for want of prosecution, regardless of whether they are initiated by the court or motion of a party."); *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 92-93 (Tex. App.–Houston [14th Dist.] 2005, pet. denied) (affirming the trial court's granting

11

of appellee's motion to dismiss for want of prosecution); *Harvey v. Wetzel*, No. 03-03-00608-CV, 2004 Tex. App. LEXIS 6818, at *12 (Tex. App.–Austin July 29, 2004, no pet.) (same); *Wright v. Tex. Dep't of Criminal Justice-Inst. Div.*, 137 S.W.3d 693, 694 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (same); *Manning v. North*, 82 S.W.3d 706, 712 (Tex. App.–Amarillo 2002, no pet.) (same). Furthermore, the Texas Supreme Court has held that *either* notice of the trial court's intent to dismiss or notice of the actual order of dismissal is sufficient notice. *See Harris County v. Miller*, 576 S.W.2d 808, 810 (Tex. 1979); *see Lowe v. U.S. Shoe Corp.*, 849 S.W.2d 888, 891 (Tex. App.–Houston [14th Dist.] 1993, writ denied).

Velsicol filed its joint motion to dismiss for want of prosecution on October 18, 1999, more than nine years after the Lessards had first filed their lawsuit. In its joint motion, Velsicol noted the following:

> Trial was set for this case on January 9, 1995, in Live Oak County during a week that was not a jury week. In approximately late October of 1994, the Honorable Judge Rodriguez noted that there would not be an actual jury setting in the case nor a new docket control conference, unless and until the parties agreed to a visiting judge. Thereafter, the Defendants [Velsicol and others] on numerous occasions provided the Plaintiffs [the Lessards] lists of visiting judges, among which included, Judge Wells Stewart, Judge Vernon Harville, and the late Judge Onion. Despite the Defendants' efforts, the Plaintiffs failed to do anything.

> It has been nearly nine years since the filing of this suit. To date, all claims regarding the Defendants have been resolved with the exception of the claims set forth by the Lessards. The Lessards remain the only outstanding claims despite mediation attempts and numerous letters sent to the Plaintiffs on behalf of the Defendants to obtain a visiting judge.

> The Savage Defendants have made numerous efforts to resolve this claim and have heard no reply from the Plaintiffs. *To ensure that the interests of the Defendants are preserved and to reach a resolution in this long stalled case, the Defendants ask this Court to dismiss this matter for failure of the Plaintiffs to properly and efficiently pursue their case.*

12

*WHEREFORE PREMISES CONSIDERED the Defendants respectfully request the Court grant the Joint Motion to Dismiss for Want of Prosecution.*

(Emphasis added.) On November 12, 1999, the Lessards filed a response to the joint motion to dismiss, alleging that the reason for the delay in the case was that the parties could not agree on a visiting judge and proposing a list of three visiting judges. On November 17, 1999, the trial court conducted a hearing on Velsicol's joint motion to dismiss. It is not clear from the record that the trial court notified the Lessards of its intent to dismiss their claims for want of prosecution. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 849-50 (Tex. 2004) ("[M]ere silence as to whether notice [of intent to dismiss] was sent does not establish that notice was not sent . . . ."); *see also Keough*, 204 S.W.3d at 5. In any event, after hearing arguments from Velsicol, the Savage parties, and the Lessards, the trial court granted Velsicol's joint motion to dismiss for want of prosecution.

All that due process requires is that a party be given notice of the time and substance of the hearing, and an opportunity to present arguments at the hearing. *See Smith*, 145 S.W.3d at 302; *Tex. Sting Ltd.*, 82 S.W.3d at 648; *see also Dueitt*, 180 S.W.3d at 739. Velsicol's joint motion to dismiss put the Lessards on notice that their claims may be dismissed for want of prosecution by the trial court. *See Dueitt*, 180 S.W.3d at 740 (holding that "'a dismissal notice containing no reference to Rule 165a or the court's inherent authority [is] sufficient to put the appellant on notice that the court could dismiss under Rule 165a(1), Rule 165a(2), or its inherent authority'" (quoting *Steward v. Colonial Cas. Ins. Co.*, 143 S.W.3d 161, 163-64 (Tex. App.–Waco 2004, no pet.))). By conducting the November 17, 1999 hearing, the trial court afforded the Lessards an opportunity to be heard and to provide adequate justifications for the nine-year delay in prosecuting the

13

case. *See Lowe*, 849 S.W.2d at 891 ("It is generally held that a party to a lawsuit is charged with notice that the suit may be dismissed for want of prosecution when there is inaction for a long period of time. This constructive notice satisfies due process requirements.") (internal citation omitted). Thus, we conclude that the Lessards received due process.[6] *See Dueitt*, 180 S.W.3d at 740; *see also Bilnoski*, 858 S.W.2d at 57; *Lowe*, 849 S.W.2d at 891.

Next, the Lessards contend that the record demonstrates that they were diligent in prosecuting their claims; therefore, the trial court abused its discretion in granting Velsicol's joint motion to dismiss. We disagree.

As previously mentioned, the trial court may consider periods of activity, intervals of inactivity, reasons for lack of attention, and the passage of time in determining whether a case should be dismissed for want of prosecution. *See Ozuna*, 766 S.W.2d at 902; *see also King*, 884 S.W.2d at 237. Furthermore, when there is an unreasonable delay in the prosecution of the case, it is presumed that the case has been abandoned unless the dismissed claimant provided a sufficient justification for the delay. *See Bilnoski*, 858 S.W.2d at 57; *Hosey*, 832 S.W.2d at 704.

Here, the record supports an implied finding that the case was not prosecuted with diligence. Nearly nine years elapsed between the date the case was first filed—December

---

[6] Our conclusion is further supported by the fact that the Lessards were provided a copy of the actual dismissal order, which allowed them to timely file their motion to reinstate. *See* TEX. R. CIV. P. 165a(3) (providing that a motion to reinstate must be filed within thirty days after the order of dismissal is signed or within the period prescribed by Rule 306a); *see also Harris County v. Miller*, 576 S.W.2d 808, 810 (Tex. 1979) (holding that *either* notice of the trial court's intent to dismiss or notice of the actual order of dismissal is sufficient notice); *Lowe v. U.S. Shoe Corp.*, 849 S.W.2d 888, 891 (Tex. App.–Houston [14th Dist.] 1993, writ denied) (same).

14

31, 1990—and the date the trial court finally dismissed it—November 17, 1999.[7] During that time, the parties engaged in some discovery and participated in mediation. *See Nichols v. Sedalco Constr. Servs.*, 228 S.W.3d 341, 343 (Tex. App.–Waco 2007, pet. denied) (holding that the trial court did not abuse its discretion in dismissing a case for want of prosecution where brief periods of activity did not explain remaining long periods of inactivity). However, the parties neither resolved their claims nor agreed on a visiting judge to hear the case, as ordered by the trial court on June 24, 1993. At the November 17, 1999 hearing, counsel for the Lessards stated that the reason for the delay centered on his employment status. According to counsel for the Lessards, he initially represented the Lessards until he discontinued employment with his law firm for five years. He admitted to the trial court that his law firm "never did move the case" until he returned to work for the law firm after his five year hiatus.[8] Moreover, the Lessards did not file a request for a trial setting from the trial court until March 14, 1999.[9] The Lessards had an abundance of time with which to prosecute their claim, yet very little prosecution occurred in this case until it was it on the verge of being dismissed. We do not find the Lessards' justifications to be sufficient in explaining the nine-year delay in prosecuting the case. *See Ozuna*, 766 S.W.2d at 902; *King*, 884 S.W.2d at 237; *Bilnoski*, 858 S.W.2d at 57; *Hosey*, 832 S.W.2d at 704. We therefore conclude that the trial court did not abuse its discretion in dismissing the Lessards' claims under its inherent authority. *See MacGregor*, 941 S.W.2d at 75;

[7] As noted earlier, the trial court did amend its dismissal order to include Fruit of the Loom as a defendant on January 31, 2000.

[8] Counsel's admission is supported by the affidavit filed by Spagnoletti, where he blamed the delay on the complexity of the case (involving multiple plaintiffs and defendants) and the fact that the case had been handled by several associates at the law firm.

[9] The Lessards renewed their request for a trial setting at the November 17, 1999 hearing and in their motion to reinstate.

*Rotello*, 671 S.W.2d at 509.  Accordingly, we overrule the Lessards' second issue.

## B. The Trial Court's Denial of the Lessard's Motion for Reinstatement

In their first issue, the Lessards assert that the trial court abused its discretion in refusing to reinstate their claims pursuant to Rule 165a of the Texas Rules of Civil Procedure.  *See* TEX. R. CIV. P. 165a.  The Lessards argue that:  (1) they were not consciously indifferent to the trial court's orders regarding the appointment of visiting judges; (2) they did not abuse the pretrial discovery process; (3) they showed the trial court that they were ready for trial; (4) their claims are meritorious and they should be given an opportunity to be heard; and (5) Velsicol did not demonstrate that it would be unfairly prejudiced by the reinstatement of the Lessard's lawsuit.  Velsicol contends that the trial court did not abuse its discretion in denying the Lessard's motion for reinstatement because:  (1) the Lessards ignored for six years the trial court's orders to agree on a visiting judge; and (2) the Lessards failed to provide Velsicol with discovery on a newly alleged medical claim.  Velsicol argues that the Lessard's justifications for the delays—that the case originally involved numerous parties and the law firm representing the Lessards had reassigned the case to various associates over the years—were not adequate to warrant a reinstatement of the case.

### 1. Standard of Review

Texas Rule of Civil Procedure 165a(3) sets out the procedure for reinstating cases dismissed for want of prosecution.  *See* TEX. R. CIV. P. 165a(3).  A trial court is compelled to reinstate a case "upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained."  *Id.*  In order to

16

determine whether the trial court abused its discretion in refusing reinstatement, we review the entire record and determine whether the evidence was sufficient to find that the failure of the party was not due to accident, mistake, or other reasonable explanation. *See Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.–San Antonio 1997, no writ); *see also Torres v. Rios*, 869 S.W.2d 555, 557 (Tex. App.–Corpus Christi 1993, no writ). The party requesting reinstatement has the burden to bring forth a record establishing that reinstatement was required. *Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex. App.–San Antonio 1996, writ denied).

**2. Discussion**

We have already determined that the record does not support a finding that the trial court abused its discretion by dismissing the case. Moreover, the record supports an implied finding that the Lessards did not prosecute this case with diligence. *See Dueitt*, 180 S.W.3d at 741; *see also Luna v. UPS, Inc.*, No. 01-02-00144-CV, 2003 Tex. App. LEXIS 465, at **8-9 (Tex. App.–Houston [1st Dist.] Jan. 9, 2003, pet. denied) (concluding that the trial court did not abuse its discretion in dismissing appellant's claims for failing to exercise diligence in prosecuting his claims and that the trial court did not abuse its discretion in denying appellant's motion to reinstate because of the dismissal). Therefore, the Lessards have failed to meet their burden to bring forth a record supporting reinstatement. We overrule the Lessards' first issue.[10]

---

[10] We note that the record reflects that the trial court conducted a hearing on Velsicol's joint motion to dismiss rather than the Lessards' motion to reinstate. *See* TEX. R .CIV. P. 165a(3) (providing that a trial court is compelled to reinstate a case "upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained."). The supreme court has held that when a verified motion to reinstate has been filed under rule 165a(3), oral hearing is required, and a failure to hold such a hearing requires reversal. *See Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam). However, the Lessards do not argue on appeal that they were improperly denied an oral hearing on their motion for reinstatement and, instead, rely on the evidence presented at the trial court's November 17, 1999

## IV. Conclusion

We affirm the trial court's dismissal of the Lessards' claims for want of prosecution and its denial of the Lessards' motion to reinstate.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 23rd day of April, 2009.

---

hearing on Velsicol's joint motion to dismiss. Furthermore, the Lessards, in their verified motion to reinstate, did not request a hearing on the motion. *See Keough v. Cyrus U.S.A., Inc.*, 204 S.W.3d 1, 6 n.3 (Tex. App.–Houston [14th Dist.] 2006, pet. denied) (noting that before trial court error can be found in the failure to set a hearing on a motion to reinstate, the movant must request a hearing); *Cabrera v. Cedarapids, Inc.*, 834 S.W.2d 615, 618 (Tex. App.–Houston [14th Dist.] 1992, writ denied) (same); *but see Matheson v. Am. Carbonics*, 867 S.W.2d 146, 147-48 (Tex. App.–Texarkana 1993, no writ) ("[T]he court is required to conduct a hearing on a timely filed motion to reinstate. Whether or not the movant requests a hearing on a motion to reinstate is irrelevant; a hearing is required unless waived.") (internal citations omitted). Moreover, the trial court, by providing the Lessards notice of and an opportunity to be heard at the November 17, 1999 hearing, afforded the Lessards with due process and, therefore, was not required to conduct a hearing on the Lessards' motion to reinstate. *See Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 740-41 (Tex. App.–Waco 2005, pet. denied) (concluding that the trial court's failure to conduct a hearing on appellant's motion to reinstate was harmless error because appellants were provided due process in a prior hearing on appellee's motion to dismiss for want of prosecution).